## STEELE v. THALHEIMER.

### Opinion delivered March 18, 1905.

BANKRUPTCY—SCHEDULE OF DEBTS—EFFECT OF MISTAKE AS TO CREDITOR'S ADDRESS.—The Bankruptcy Act of 1898, § 17, provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with certain exceptions named in the act, among which are all debts which "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy." *Held,* that where a debt and a name of a creditor were properly scheduled, the bankrupt was released from the debt by his discharge, though the address of the creditor was improperly given, and the creditor had no notice or actual knowledge of the proceeding.

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Affirmed.

## STATEMENT BY THE COURT.

On the 8th day of May, 1892, R. J. Steele recovered judgment against B. S. Thalheimer in the Pulaski Circuit Court for the sum of $282, with interest at the rate of 10 per cent., which judgment is still unpaid.

On the 8th day of November, 1900, Thalheimer filed his petition in voluntary bankruptcy in the United States Circuit Court for the Eastern District of Arkansas. In the list of debts and creditors set up in the schedule to the petition was the following, towit: "Judgment in the Pulaski Circuit Court in favor of R. J. Steele, Little Rock, for $275 and interest from May 8, 1894, the judgment being renewed in 1897." Afterward, on the 24th of December, 1900, the court granted Thalheimer a discharge in bankruptcy. The order of the court directed that he be discharged from all debts that he owed on the 8th day of November, 1900, "excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

Steele did not live in Little Rock, but at or near Clinton, Arkansas, and he had no notice of any kind that the petition in bankruptcy had been filed, or that the discharge had been granted, until more than two years after the date of the order of discharge.

On the 2d day of March, Steele brought an action on his judgment in the Pulaski Circuit Court to recover the principal and interest then unpaid, which amounted to $528. Thalheimer appeared, and as a defense set up his discharge in bankruptcy. The plaintiff contended that, as he had been given no notice, his claim came within the list of excepted debts, and was not affected by the discharge. The circuit judge held that the debt was discharged, and gave judgment for the defendant. Plaintiff appealed.

*J. H. Harrod,* for appellant.

Plaintiff's debt was not properly scheduled, and was not discharged by the adjudication in bankruptcy. Bankruptcy Act, 1898, § 17; Collier, Bankr. 200; 114 Fed. 389.

*Charles Jacobson,* for appellee.

A proviso in an act which carves special exceptions out of the enacting clause must come within the word and meaning of the act.   46 Ark. 306; 19 Wall. 227; 93 U. S. 78; 132 Fed. 927.

RIDDICK, J., (after stating the facts.)   This is an action upon a judgment.   Since the judgment was rendered, the defendant has received a discharge in bankruptcy, and the only question presented is whether this judgment upon which plaintiff sues was affected by the discharge.   As the defendant, in stating the list of his debts and creditors, scheduled this judgment as being in favor of R. J. Steele, Little Rock, whereas the plaintiff lived at Clinton, and by reason of the fact that his post-office address was not correctly given in the schedule he received no notice of the bankruptcy proceeding until long after the order of discharge was made, plaintiff contends that his debt was not affected by such order.

The bankruptcy act provides that a discharge in bankruptcy shall release a bankrupt from all of his provable debts, with certain exceptions named in the act.   Among other exceptions not necessary to notice, the act excepts from the effect of the discharge all debts which "have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."   Act Cong. July 1, 1898, § 17.

It is contended with much force that, as the address of the creditor was not correctly given in the schedule of the debt, and as he had no notice of the proceedings, his debt is not affected by the discharge.   It would seem to be very unjust to permit a debtor to obtain his discharge from his creditor by a proceeding in bankruptcy of which the creditor has no notice.   The law ought to be as plaintiff contends that it is, but we are not able to say that this is so.   As the court had jurisdiction of the matter, the effect of the order of discharge was to release the bankrupt from all debts save those excepted by the act from the effect of the discharge.   Now, the act does not except debts belonging to creditors whose post-office address has not been correctly stated in the schedule; it excepts only those which have

not been "duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt." Now, this debt was scheduled with the name of the creditor. His address was not correctly given, but the act does not make the discharge of no effect for such a failure; besides it is not alleged or shown that the bankrupt knew the address of the creditor, or that the failure to give his correct address was intentional or fraudulent.

On the whole case, we are of the opinion that the judgment of the circuit court holding that the discharge was effectual to release this debt was correct, and it is therefore affirmed.