## In re HARRELL.

(District Court, E. D. North Carolina. April 5, 1915.)

1. BANKRUPTCY ⟨⟩399—EXEMPTIONS—OBJECTIONS—PREMATURE OBJECTIONS.

Under Bankr. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 (Comp. St. 1913, § 9590), providing that such act shall not affect the allowance to bankrupts of exemptions prescribed by the state laws; section 47 (11) [section 9631], requiring the trustee to set apart the bankrupt's exemptions and report the items and value thereof to the court as soon as practicable after his appointment; General Order 17 (89 Fed. viii, 32 C. C. A. xix), requiring the trustee, within 20 days after notice of appointment, to report the articles set off to the bankrupt, with the estimated value of each article, and providing that any creditor may take exceptions to the determination of the trustee; and General Order 5 (89 Fed. v, 32 C. C. A. viii), and Schedule B (5) [89 Fed. xxv, 32 C. C. A. xlix], requiring the bankrupt, in his schedules, to state out of what property he claims his exemptions and wishes them allotted, whether a bankrupt had forfeited his right to exemptions by withholding property from his schedules, or by conveying property with intent to defraud his creditors, could not be raised by an objection during the examination of the bankrupt, as the duties imposed upon the trustee may not be neglected or postponed until an issue of fraud, regarding the disposition of the property, is tried.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⟨⟩399.]

2. BANKRUPTCY ⟨⟩399—EXEMPTIONS—FORFEITURE.

A bankrupt does not forfeit his right to claim his exemptions, secured to him by the state law, by conveying property in fraud of his creditors, or failing to schedule portions of his property, especially as in North Carolina it is the settled law that a fraudulent disposition of property by a debtor does not work a forfeiture of his exemptions.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. ⟨⟩399.]

3. BANKRUPTCY ⟨⟩32—OMISSIONS FROM SCHEDULES—CORRECTION.

If a bankrupt fails to schedule property which should be surrendered to his trustee, and this fact is shown upon his examination, he may be permitted to correct his schedules.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 31–33; Dec. Dig. ⟨⟩32.]

In Bankruptcy. In the matter of J. F. Harrell, bankrupt. On petition for a review of a ruling of the referee. Ruling affirmed.

Winston & Mathews, of Windsor, N. C., for creditor.
Smith & Banks, of Gatesville, N. C., for bankrupt.

CONNOR, District Judge. From the certificate of the referee it appears that, upon the examination of the bankrupt, George W. Liverman, a creditor, alleging that the bankrupt had withheld property from his schedule, and had conveyed property with intent to defraud his creditors, "protested against the allotment by the trustee of the homestead and personal property exemption to the bankrupt." The referee, being of the opinion that upon the evidence before him no fraud had been shown, and further that as matter of law the bankrupt could not be deprived of his exemptions, overruled the "protest" and denied the motion, whereupon the creditor filed his petition for review.

[1] The procedure adopted by the creditor is rather novel. No

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

question was at the time, or could have been, before the referee regarding the right of the bankrupt to have his homestead and personal property exemption allotted. Section 6 of the Bankrupt Act, which contains the only reference to the exemption of property to bankrupts, provides that:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws, in force at the time of filing the petition in the state wherein they have had their domicile for the six months or the greater portion thereof, immediately preceding the filing of the petition."

It is manifest, therefore, that for the purpose of ascertaining the amount, character of property, etc., which a bankrupt is entitled to have set apart to him as his homestead and personal property exemption, recourse must be had to the Constitution and statutes of the state of his domicile. By the provisions of article 10, §§ 1, 2, of the Constitution of North Carolina, every resident of the state is entitled to have personal property of the value of $500, to be selected by him, and real estate of the value of $1,000 allotted to him, and exempt from execution or other legal process resorted to for the collection of debts against him.

The question arises how, in proceedings in bankruptcy, are the exemptions to be allotted? The answer is found in section 47 (11) of the act. Among the duties imposed upon the trustee, he is required to "set apart the bankrupt's exemptions and report the items and value thereof to the court as soon as practicable after his appointment." By General Order 17 (89 Fed. viii, 32 C. C. A. xix) his duty in respect to the allotment of the exemptions is made more specific. He is required to make report to the court, within 20 days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to the provisions of the forty-seventh section of the act, with the estimated value of each article, and any creditor may take exceptions to the determination of the trustee, within 20 days after filing the report, etc. The bankrupt is required, in his schedule, to state out of what property he claims his exemptions and wishes them allotted. General Order 5 (89 Fed. v, 32 C. C. A. viii); Schedule B (5) [89 Fed. xxv, 32 C. C. A. xlix]. These duties imposed upon the trustee may not be neglected, or their discharge postponed, until an issue of fraud in regard to the disposition of property is tried. The rights of creditors in regard to exempt property may be raised by exception to the report of the trustee. It is uniformly held that the title to the exempt property does not vest in the trustee; the allotment does not confer title, but simply designates and sets it apart from his other property which passes to the trustee.

[2] The brief of counsel indicates that he is of the opinion that the bankrupt forfeits his rights to claim the exemptions secured to him by the state law, by doing some act prohibited, or omitting to discharge some duty enjoined, by the Bankrupt Act, as, in this instance, conveying property in fraud of his creditors, or failing to schedule portions of his property. I find nothing in the act to sustain this view. In Re Tollett, 106 Fed. 866, 46 C. C. A. 11, 54 L. R. A. 222, Lurton, Circuit Judge, says:

222 F.—11

"How a homestead may be acquired or lost must depend upon the law of the state under which the right of homestead arises. That law, as construed and applied by the highest court of Tennessee [the domicile of the bankrupt], constitutes a rule of property binding upon the federal courts in respect to homestead rights claimed in that state."

That a fraudulent disposition of property by the debtor does not work a forfeiture of the exemptions secured to him by the Constitution of North Carolina is settled by a number of decisions of the Supreme Court. Crummen v. Bennet, 68 N. C. 494, and other cases. In the statutes of several states it is provided that the right to exemptions is forfeited by the making of fraudulent conveyances. See cases cited, Collier, Bankruptcy, 197.

[3] It is therefore clear that, viewed from any aspect, the referee ruled correctly upon the question sought to be raised by the protest. If the bankrupt has failed to schedule property, which should be surrendered to his trustee, and this fact is shown upon his examination, he may, if so advised, be permitted to correct his schedule. If he has conveyed in fraud of his creditors, of course, he cannot have it allotted to him as exempt.

The trustee may bring his action to set aside such conveyance and recover the property. The question of his right to claim it as exempt cannot arise—certainly not until the conveyance is set aside. I am not able to see how, according to any orderly procedure, questions of this character can be raised and tried in the manner adopted in this case.

The ruling of the referee is affirmed.