WILLIAM H. SHORT *vs.* WALTER B. FARMER.

Suffolk.    March 8, 1927. — May 23, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Bankruptcy*, Discharge. *Evidence*, Presumptions and burden of proof, Of discharge in bankruptcy. *Practice, Civil,* Reopening after close of evidence.

In his answer in an action in a municipal court upon a promissory note, the defendant set up a discharge in bankruptcy. At the close of the evidence at the trial, no evidence had been introduced "of the nature of the schedules . . . nor of any notice of the bankruptcy proceedings received by the plaintiff during the pendency of said proceedings." The judge ruled that if the plaintiff claimed that the discharge was not a bar, the burden was on the plaintiff to prove that the debt or claim was not properly scheduled, and that proof of such omission should be made by the production of the schedules. Later, the judge on his own initiative called a conference of counsel and announced that he would allow the plaintiff to introduce certified copies of the bankruptcy schedules. The defendant objected to the admission of additional evidence and his objection was noted. Still later, in the absence of the defendant's counsel, certified copies of the bankruptcy schedules were introduced, from which the judge found that the plaintiff's claim was not listed and found for the plaintiff. *Held,* that

(1) The reopening of the hearing for the receipt of further evidence was within the discretion of the judge;

(2) The defendant's objections having been saved when the ruling was made, the fact that attested copies of the schedules, instead of being presented when the ruling was made, were received afterwards, did not deprive the defendant of any legal right;

(3) The judge's findings were warranted.

CONTRACT against "Walter B. Farmer, otherwise known as Wales B. Farmer." Writ in the Municipal Court of the City of Boston dated November 10, 1925.

Material facts found and proceedings in the Municipal Court are described in the opinion. The judge found for the plaintiff in the sum of $704.56 and reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*W. M. Blatt*, for the defendant.

*C. E. Lawrence*, for the plaintiff.

BRALEY, J. This is an action of contract to recover on a promissory note made by one George E. Whittier, and payable to the order of Wales B. Farmer under whose indorsement the plaintiff derives title. We assume in the absence of any question to the contrary raised by counsel, that "Wales B. Farmer" is the same person as Walter B. Farmer, the defendant. The note is dated March 25, 1923, and matured July 27, 1923, and the defendant, having pleaded his discharge in bankruptcy in bar of the action, testified without objection, "that he was discharged in bankruptcy on August 21, 1925, in the District Court of the United States for the District of Massachusetts from all claims that were provable against his estate and which existed on the eleventh day of August, 1924," and a certified copy of the discharge was admitted in evidence. But no testimony was introduced "of the nature of the schedules . . . nor of any notice of the bankruptcy proceedings received by the plaintiff during the pendency of said proceedings." The evidence was closed, and the defendant seasonably filed ten requests for rulings, all of which except the third, fourth and fifth are waived. The trial judge, however, gave the third and fourth requests, that, if the plaintiff claimed that the discharge was not a bar, the burden was on the plaintiff to prove that

the debt or claim was not properly scheduled, and that proof of such omission should be made by the production of the schedules. These requests accurately stated the law. U. S. bankruptcy act, 30 U. S. Sts. at Large, 550, §§ 14, 17. *Smith* v. *Hill*, 232 Mass. 188, affirmed in *Hill* v. *Smith*, 260 U. S. 592. The fifth request, that proof of such omission should be made "either by the production of such schedules, or if they are not obtainable, by certified copies," does not appear to have been specifically granted or denied. The defendant, however, suffered no harm, as shown by the subsequent proceedings.

The case having been taken under advisement, the judge several days thereafter called a conference of counsel, and upon discussion announced, that he would allow the plaintiff to introduce certified copies of the bankruptcy schedules. The defendant objected to the admission of additional evidence and his objection was noted. If the judge seems to have acted on his own initiative, yet it was within his discretionary power after hearing the parties to reopen the case for the admission of further evidence. *Morena* v. *Winston*, 194 Mass. 378. It is contended by the defendant that the subsequent reception in the absence of his counsel of the bankruptcy proceedings which did not show the name of the plaintiff as a creditor was error, because the defendant had no opportunity to inspect the copies, or to be heard upon their admission. But the defendant had been informed of the nature of the proposed evidence, and the manner in which it was to be introduced, and while objecting generally, made no request for further hearing on its admission. The reopening of the case was a continuation of the trial, and, the defendant's objections having been saved, the fact that attested copies of the schedules, instead of being presented when the ruling was made, were received afterwards, did not deprive the defendant of any legal right. It was not a proceeding where the plaintiff was heard on a material issue in the absence of the defendant.

The record shows that the defendant also filed four "supplementary requests." The date of filing however does not appear. The first two requests have been waived. The

defendant was not prejudiced by the refusal of the third request. It is a mere duplication of the third request as first presented which the judge gave.

The fourth request that on all the evidence the plaintiff is not entitled to recover was denied rightly. The judge found, on evidence which warranted the finding, that, the note not having been listed, the action could be maintained. *Caldwell* v. *Eastman*, 248 Mass. 332.

We have considered all the questions argued by counsel for the defendant, and, finding no error of law, the order of the Appellate Division dismissing the report is,

*Affirmed.*