AMERICAN SOUTHERN TRUST COMPANY *v.* VESTER.

Opinion delivered January 26, 1931.

*E. L. Holloway,* for appellant.

*F. G. Taylor* and *C. T. Bloodworth,* for appellee.

KIRBY, J., (after stating the facts). The testimony shows that appellant was the owner of the note at the time of the filing of the petition in bankruptcy which was listed as already set out. The Bankruptcy Act provides: (§ 17, 1 Collier on Bankruptcy, 13 Ed., p. 591; and 11 U. S. C. A., § 351: ''A discharge in bankruptcy shall release the bankrupt from all his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had actual knowledge or notice of the proceedings in bankruptcy.'' In *Steele* v. *Thalheimer,* 74 Ark. 516, 86 S. W. 305, this court held a discharge valid where the correct name of the creditor was given in the schedule, although his post-office was incorrectly given as Little Rock, when he in fact lived at Clinton and had received no notice of the bankruptcy proceedings on that account. Appellant claims he comes within the exception No. 3 in § 17 of the Bankruptcy Act providing the discharge shall not release the bankrupt from provable debts, except such as ''(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had actual knowledge or notice of the proceedings in bankruptcy.'' Although the appellant company, the American Southern Trust Company, was not named as a creditor in the schedule, which did show correctly the name and address of the bank to which the note was given, that it had been transferred to the Southern Bank & Trust Co., Little Rock, Arkansas, and was then in the hands of E. L. Holloway, of Corning, Arkansas, for collection, notice was sent to all parties as listed. This was a sufficient compliance with the statute requiring the name of the creditor to be duly scheduled if known to the bankrupt, its purpose being that notice should be given to him of the bankruptcy pro-

ceedings. The debt was described as having been given the Bank of Success, "assigned to Southern Bank & Trust Company (note), Little Rock, Arkansas, (in the hands of E. L. Holloway, Corning, Arkansas, for collection) $610." Notice was given to all these parties and to appellant's attorney, who had the authority to collect the note, and had already demanded payment. This notice was given to the attorney and, the knowledge acquired while acting for the principal, the creditor, relating to a matter within the scope of his agency, and the agent is presumed to have communicated it to his principal, as it was his duty to do. The discharge would have been valid and effective to release the bankrupt from the payment of this note, had he scheduled it as "unknown." The name of the creditor, although incorrectly given, could easily have been ascertained from the whole description given, and the notice to appellant's attorney, having the note in his possession for collection, of the bankruptcy proceedings, whose duty it was to communicate it to his principal, was notice to his principal as effectually as though it had come directly to it. There is no allegation or intimation that the failure to give the name of the creditor correctly was intentional or fraudulent.

A careful consideration of the whole case discloses that the court did not err in holding that the discharge in bankruptcy was effectual to release appellee from the payment of the debt as scheduled, and the judgment is therefore affirmed.