This action was begun on 12 July, 1928. In his complaint, plaintiff alleges that on or about 1 January, 1926, the defendant, V. E. Fountain, as maker, and L.E. Fountain, intestate of the defendant, Mrs. Sue Fountain, administratrix, as endorser, executed a promissory note by which they promised, jointly and severally, to pay to the plaintiff or his order, on or before 1 January, 1927, the sum of two thousand dollars, with interest at the rate of six per cent per annum after date, for value received; and that the amount of said note, with interest thereon, is now due and payable, no part thereof having been paid.
On these allegations, plaintiff prays judgment that he recover of the defendant, V. E. Fountain, as principal, and of the defendant, Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, as endorser, the sum of $2,000, with interest thereon from 1 January, 1927, and the costs of the action.
The defendant, V. E. Fountain, answering the complaint, admits the allegations therein, and in bar of the "right of any party to this action to recover of him the amount of said note," alleges:
"(a) That on 6 December, 1926, an involuntary petition in bankruptcy was filed against him in the District Court of the United States for the Eastern District of North Carolina; the defendant, V. E. Fountain, then went into said court and admitted his bankruptcy and filed in said court his schedule, setting forth a list of his creditors and their respective places of residence (except as hereinafter modified) and the amount due each, and also an inventory of his property, rights, credits and effects, of every kind and nature, and alleged that he was a *Page 390 
resident and citizen of the Eastern District of North Carolina, and was owing debts which had not been created in consequence of a defalcation as a public officer, or as an executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity, and that he was unable to pay said debts, and other matters and things set forth more particularly in said schedule.
(b) That afterward, to wit, on 14 December, 1926, the defendant, V. E. Fountain, was by said court duly adjudged a bankrupt, and afterward, to wit, on 3 October, 1927, a decree was entered by Hon. I. M. Meekins, United States Judge for the Eastern District of North Carolina, discharging the defendant from all his debts.
(c) That the cause of action set forth in the plaintiff's complaint was due and owing to the plaintiff before the defendant, V. E. Fountain, was declared a bankrupt, and before the said V. E. Fountain, defendant, received his discharge, as hereinbefore set forth, and said debt was one provable against his estate in bankruptcy, and was not created in consequence of a defalcation as a public officer, or as an executor, administrator, guardian or trustee, or while acting in any other fiduciary capacity.
(d) That this defendant, V. E. Fountain, did not set forth in his schedule the indebtedness sued on in this action, nor the name of the plaintiff in this action, or that said note was endorsed by L.E. Fountain, or that said L.E. Fountain or Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, was liable as an endorser on said note, the said L.E. Fountain having died on 23 November, 1926, and Mrs. Sue Fountain having qualified as his administratrix before the clerk of the Superior Court of Edgecombe County on 18 December, 1926; the reason thereof being that this defendant, during all of said time, was under the impression that he had paid plaintiff in full the note sued on in this action, by the substitution of another note due this defendant by another, which last note was secured by some collateral security.
(e) That although the said V. E. Fountain, defendant, did not file in said court the claim or note sued on in this action, yet both the plaintiff in this action, and Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, had full and actual knowledge, and full and actual notice, of the proceedings in bankruptcy instituted against the said V. E. Fountain, defendant, from the very beginning to the end of said bankruptcy proceedings, with full and ample opportunity to take part in said proceedings in bankruptcy against the said V. E. Fountain, defendant, from the beginning to the end of the same.
(f) That neither the plaintiff in this action nor Mrs. Sue Fountain, administratrix of said L.E. Fountain, deceased, filed the claim of the plaintiff in this action with the trustee of said V. E. Fountain, nor *Page 391 
did they take any part in said bankruptcy proceedings against said V. E. Fountain, defendant.
(g) That the defendant, V. E. Fountain, is advised, informed and believes, and so avers, that in consequence of the plaintiff and Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, having full knowledge of the bankruptcy proceedings instituted against said V. E. Fountain, defendant, from its beginning to its end, and their consequent failure to take any part in said bankruptcy proceedings, or in the court, and to file in court the note or claim sued on in this action, the defendant, V. E. Fountain, is completely discharged as to any liability for and on account of said note or claim sued on, and that there can be no recovery against him by any one in this action for and on account of said note or claim."
On the allegations in this answer, in support of his plea in bar, the defendant, V. E. Fountain, prays judgment that the action be dismissed as to him, and that it be adjudged that he is not liable for and on account of the note or claim sued on in this action, and that he go without day and recover his costs.
The defendant, Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, answering the complaint, admits the allegations therein; further answering the complaint, the said defendant alleges that she has in hand certain certificates of stock deposited by the defendant, V. E. Fountain, as collateral security for the note sued on. She prays that said certificates of stock be sold under the orders of the court, and that the proceeds of said sale be applied as a payment on the note sued on in this action. She further prays for judgment that the plaintiff recover of her, in her administrative capacity, only the amount due on said note, after the proceeds of the sale of the collateral security held by her have been applied as a payment on said note, and that the defendant, V. E. Fountain, as maker of said note, is primarily liable for the amount of the said judgment, and that she, as administratrix of L.E. Fountain, the endorser of said note, is secondarily liable for said amount.
Neither the plaintiff nor the defendant, Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, filed a reply to the further answer of the defendant, V. E. Fountain, in which the said defendant alleges his discharge in bankruptcy, and pleads said discharge in bar of any recovery against him in this action.
On 13 August, 1928, on motion of attorneys for the plaintiffs, judgment was rendered by the clerk of the Superior Court of Edgecombe County on the pleadings that the plaintiff recover of the defendant, Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, as endorser of the note sued on in this action, the sum of $2,000, with *Page 392 
interest thereon from 1 January, 1927, and the costs of the action. In said judgment it was ordered "that this cause be transferred to the civil issue docket for trial upon the issues raised by the pleadings." There was no exception to or appeal from this judgment.
It appears from the record that on 11 February, 1929, the defendant, Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, paid to the plaintiff the amount of said judgment, and that thereupon the plaintiff duly assigned said judgment to a trustee for said defendant.
In accordance with the order of the clerk of the Superior Court, the action was tried at November Term, 1930, of the Superior Court of Edgecombe County. At this trial the following issues were submitted to the jury:
"1. Was the claim sued on in this action, to wit, a note executed by V. E. Fountain and endorsed by L.E. Fountain, listed among the liabilities of V. E. Fountain, bankrupt?
2. Did Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, have notice of the bankruptcy of V. E. Fountain in time to avail herself of all her rights as a creditor of the bankrupt's estate?"
The first issued was answered "No," by consent.
The defendant, V. E. Fountain, assumed the burden on the second issue and offered in evidence a certified copy of an order made by the Honorable I. M. Meekins, U.S. District Judge, in the matter of V. E. Fountain, bankrupt, and dated 3 October, 1927. By this order the defendant, V. E. Fountain, bankrupt, was discharged from all debts and claims, provable under the acts of Congress against his estate, which existed on 6 December, 1926, excepting such debts as are by law excepted from the operation of a discharged in bankruptcy.
The defendant testified that he did not list the note sued on in this action in the schedule of his debts and liabilities filed by him in the bankruptcy proceeding; that the plaintiff in this action, however, had actual knowledge of the pendency of said proceeding within ten days after the petition therein was filed by his creditors, and talked with the witness about the proceeding; and that his codefendant, Mrs. Sue Fountain, administratrix of L.E. Fountain, deceased, who had endorsed the note sued on in this action, also had actual knowledge of said bankrupt proceeding, during the month of January, 1927, and talked with the witness about the proceeding, and its effect upon her liability as administratrix of L.E. Fountain, deceased, on said note. The witness said: "My estate was closed about six months after I was adjudged a bankrupt on 14 December, 1926. Notice of the first meeting of creditors was published in a newspaper." The first meeting of creditors was held in Tarboro, N.C. on 4 January, 1927, pursuant to the notice. *Page 393 
The defendant, Mrs. Sue Fountain, administratrix, testified that the first time she knew that the defendant, V. E. Fountain, was in bankruptcy, was in January, 1927, when she was notified by the bank that the note sued on in this action had not been paid, when it became due on 1 January, 1927. She then talked with V. E. Fountain and he told her that he was in bankruptcy. She said: "I found out about his being in bankruptcy when I called him up and asked what he was going to do about the note. I found out in January, 1927, that V. E. Fountain was in bankruptcy. I do not remember the day of the month." The witness testified that she did not see the notice in the newspaper of the first meeting of the creditors of V. E. Fountain, bankrupt.
The witness testified further that on one occasion during the summer of 1927 — possibly in June — she had a conversation with V. E. Fountain about filing a claim on the note in the bankrupt court; that he told her on that occasion that he had not listed the note in the schedule of his debts and liabilities filed by him in the bankrupt court, and did not want her to file a claim on account of the note; that he was going to pay every penny of the note.
The defendant, V. E. Fountain, in apt time, objected to this testimony and excepted to the refusal of the court to exclude the same as evidence.
The witness further testified that she did not file a claim on the note in the bankrupt court, and received no dividend from said court on account of the note sued on in this action.
There was no evidence tending to show that the plaintiff, as payee, filed a claim in the bankrupt court, or received a dividend from said court, on account of said note.
After the close of all the evidence, and in apt time, the defendant, V. E. Fountain, requested the court, in writing, to instruct the jury as follows:
"If you believe the evidence in this case, I charge you to answer the second issue, `Yes.'"
To the refusal of the court to so instruct the jury, the said defendant excepted.
The court instructed the jury that if they found from the evidence that the defendant, Mrs. Sue Fountain, administratrix, did not see the notice published in the newspaper calling the first meeting of the creditors of V. E. Fountain, bankrupt, on 4 January, 1927, and had no opportunity to attend said meeting and file a claim on the note sued on in this action, they should answer the second issue, "No."
To this instruction the defendant, V. E. Fountain, duly excepted.
The jury answered the second issue, "No." From judgment on the verdict, and on the admissions in the pleadings, that the defendant, Mrs. *Page 394 
Sue Fountain, administratrix of L.E. Fountain, deceased, recover of the defendant, V. E. Fountain, the sum of $2,000, with interest thereon from 1 January, 1926, and the costs of the action, the defendant, V. E. Fountain, appealed to the Supreme Court.
In Williams v. U.S. Fid. Guar. Co., 236 U.S. 549, 59 L.Ed., 713, it is said: "It is the purpose of the bankrupt act to convert the assets of the bankrupt into cash for distribution among creditors, and then to relieve an honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from obligations and responsibilities consequent upon business misfortunes." The provisions of the bankrupt act, enacted by Congress as authorized by the Constitution of the United States, are just to creditors, and are founded upon a wise public policy. They assure each creditor that the assets of his insolvent debtor will be equitably distributed among all his creditors. They relieve an honest debtor of liability for debts which he has no hope of paying and after his discharge, enable him to perform his duties as a member of society, free from embarrassments which would destroy his self-confidence and deprive him of all hope of economic independence. In the instant case, there is no suggestion on the record that the creditors of V. E. Fountain, bankrupt, who proved their claims against his estate in bankruptcy, have not received, or that said bankrupt was not entitled to all the relief afforded by the just and wise provisions of the bankruptcy act.
It is provided in section 35 of the bankruptcy act that "discharge in bankruptcy shall release a bankrupt from all his provable debts," except such as are specified therein, including such as "have not been fully scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."
The note sued on in this action was a provable debt of the defendant, V. E. Fountain, at the date of the filing of the petition by which the proceedings in which he was adjudged a bankrupt were instituted. This debt was not listed in the schedule filed by the bankrupt in time for its proof and allowance as a claim against his estate. The said defendant was not, therefore, released from liability on the note by his discharge, unless, as alleged by him, his creditor had notice or actual knowledge of the proceedings in bankruptcy against him.
The uncontradicted evidence at the trial tended to show that the plaintiff, who was the creditor of the bankrupt, with respect to the *Page 395 
note set out in the complaint, had actual knowledge of the bankruptcy proceeding within ten days after the filing of the petition, and that he did not prove or file his claim on account of the note.
It is further provided in the bankrupt act that "whenever a creditor whose claim is secured by the individual undertaking of any person fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part, he shall be subrogated to that extent to the rights of the creditor." Section 93(i). Accordingly, it has been held that a claim provable under this provision, but not proved, is barred by the bankrupt's discharge. Smith v. Wheeler, 55 A.D. 170,66 N.Y. S., 780.
All the evidence at the trial tends to show that the defendant, Mrs. Sue Fountain, administratrix, had notice or actual knowledge of the bankruptcy proceedings against the defendant, V. E. Fountain, some time during the month of January, 1927. The defendant was adjudged a bankrupt on 14 December, 1926. As a creditor or other person entitled to prove a claim against the estate of a bankrupt has six months from the date of adjudication within which to prove and file his claim, the said defendant had ample time, after she first knew that V. E. Fountain was in bankruptcy, to prove and file a claim on the note sued on in this action. There was error in the refusal of the court to instruct the jury as requested by the defendant, V. E. Fountain, that if they believed all the evidence in this case, they should answer the second issue, "Yes." It follows that there was error in the instructions of the court to the jury which the defendant, V. E. Fountain, assigns as error in this appeal.
The testimony of Mrs. Sue Fountain, administratrix, as to her conversation with the defendant, V. E. Fountain, during the summer of 1927 — possibly in June — in which he told her that he had not listed the note sued on in this action in the schedule of his debts filed in the bankruptcy proceeding, and that he did not want her to file a claim on the note, was incompetent as evidence, and should have been excluded. This testimony was offered, manifestly, for the purpose of supporting a contention that the defendant, V. E. Fountain, was estopped from pleading his discharge in bankruptcy as a bar to a recovery against him in this action. It is sufficient to say that no issue as to such estoppel is raised by the pleadings. Nor was evidence tending to show an estoppel relevant to the matters involved in the second issue, which alone was submitted to the jury.
For errors in the trial of the action the defendant, V. E. Fountain, is entitled to a
New trial. *Page 396