194 So. 663

**COVINGTON BROS. MOTOR CO., Inc., v. ROBINSON.**

**5 Div. 315.**

Supreme Court of Alabama.

March 14, 1940.

Lawrence F. Gerald, of Clanton, for appellant.

Reynolds & Reynolds, of Clanton, for appellees.

KNIGHT, Justice. ·

This is an appeal from a judgment of the Circuit Court of Chilton County, quashing a writ of garnishment issued against The First National Bank of Clanton, Alabama, and sued out by the Covington Brothers Motor Company, Inc., for the use and benefit of G. W. Covington, Jr., the alleged transferee of a certain judgment obtained by said Covington Brothers Motor Company, · Inc., against the appellee. This judgment was rendered by the Circuit Court of Chilton County on April 20, 1932.

The garnishee answered admitting that at the time of the service of the writ of garnishment there was on deposit with it the sum of $651.25 to the credit of "Modern Beauty Shop". It would seem that this was the name under which the appellant did business at the time the deposit was made. At all events, no question is raised by the record as to ownership of the money, and we are authorized to treat the money on deposit as the property of the defendant.

After due notice to the plaintiff in the judgment, she appeared and moved to quash and dismiss the writ of garnishment issued to said First National Bank of Clanton upon two grounds:

"1. For that heretofore and on, to-wit, November 25, 1932, said defendant was a resident of the Middle District of Alabama, and as such duly filed in the United States Court for the Northern Division of the Middle District of Alabama, a petition in Bankruptcy and said defendant was on said date duly adjudged a bankrupt and that thereafter and on, to-wit, March 1, 1933, the said defendant was duly discharged by said United States Court, as a bankrupt and that the judgment in this cause was obtained prior to the adjudication of the defendant as a bankrupt and the judgment on which the said Writ of Garnishment in this cause was issued was barred and discharged by the adjudication and was without vitality and said Writ of Garnishment is void.

"2. For that heretofore and on, to-wit, October 27, 1932, all of the stockholders of the plaintiff corporation in this cause, prepared and duly signed and filed for record in the Probate Office of Montgomery County, Alabama, where said corporation was incorporated, a notice and agreement for the dissolution of said plaintiff corporation and that said corporation was duly dissolved, on, to-wit, November 2, 1932, and that said Writ of Garnishment issued in said cause on, to-wit, December 20, 1938, is null and void and of no effect."

There was a demurrer to this motion to quash, which was overruled. The judgment overruling the demurrer is here assigned for error, but it does not seem to be argued, and we will, as the parties seem to have done, treat the case as presented by the motion to quash and the plaintiff's answer thereto.

By its answer the plaintiff (first) denied "the averments contained in" the motion; and (second) while admitting that the defendant had been duly adjudged a bankrupt in the United States District Court for the Northern Division of the Middle District of Alabama, as averred in the motion, and that the defendant had been duly discharged, and, further, that the judgment was obtained prior to the adjudication, it averred that the claim evidenced by the judgment was not "duly scheduled by said bankrupt in the bankruptcy proceedings;" and it further averred that at the time of the filing of the proceedings in bankruptcy the plaintiff was the owner of the judgment, and that he had no notice, or actual knowledge of said proceedings until the latter part of the year 1938. Third that prior to the dissolution of the Covington Brothers Motor Company, Inc., the judgment upon which the garnishment was issued had been duly transferred and assigned to plaintiff, for whose use and benefit the writ of garnishment was issued, and that it was, at the time of the issuance of the said writ, and still is, the property of the plaintiff.

On the trial of this cause, the evidence was given orally before the court.

From the evidence it appears that Mrs. Robinson, the debtor, was duly adjudged a bankrupt on the 25th day of November, 1932; that the judgment upon which the garnishment was issued was rendered on April 20, 1932, in favor of Covington Brothers Motor Company, Inc.; that the schedule of creditors filed by Mrs. Robinson in her bankruptcy petition did not, as first filed, list said Covington Brothers Motor Company, Inc., or the said G. W. Covington, Jr., as a creditor.

It further appears that the stockholders of said Covington Brothers Motor Company, Inc., were the said G. W. Covington, his sister, Mrs. Milwee, and I. Berman, the said I. Berman being the Vice-President of the corporation and a director, but that he owned only one share of the corporate stock. It appears that said Berman took no active part in said corporation.

It further appears that said corporation was duly dissolved on November 2nd, 1932.

There was some evidence to the effect that about the time of the dissolution of the corporation, its assets were transferred and assigned to the said G. W. Covington, Jr., but the testimony relied on to show this transfer is very indefinite and not at all satisfactory.

It further appears that shortly after filing her petition in bankruptcy, and while the proceedings were still pending before the referee, Mrs. Robinson, or her attorney, discovered that she had failed to list the said Covington Brothers Motor Company, Inc., as a creditor, and had failed to list the judgment in the schedule of her debts. Thereupon, her attorney, Mr. G. C. Walker, wrote the clerk of the United States District Court at Montgomery, Alabama, asking if his client would be per-

mitted to amend her petition to show the omitted creditor. This letter appears as a part of the bankruptcy file. On its receipt by the clerk, the letter was turned over to the referee before whom the proceedings were pending, and in the same file is the reply of the referee to Mr. Walker, stating that the amendment could be made *as a matter of right,* and advising what should be done. Mr. Walker, the attorney, testified that, after getting this letter from the referee, he went to Montgomery, and saw the referee in his office; that the referee prepared the amendment, that he carried it back to Clanton, and had his client to sign the same; that he again returned to Montgomery, and delivered the amendment to the referee, and that the last he saw of the amendment it was in the hands of the referee.

G. W. Covington, Jr., and his sister, Mrs. Milwee, testified that they received no notice of the filing of said amendment, and knew nothing of the bankruptcy proceedings until 1938. Berman, the vice-president and one of the directors of the corporation, did not testify in the case.

Of course, where the judgment creditor is duly listed in the proper schedule of the debtor's petition in bankruptcy, the debt which was the foundation of the judgment would be barred and discharged by the adjudication, and discharge of the debtor, and the judgment thereafter would be without vitality. In such a case there would be nothing upon which to predicate a writ of garnishment, and the garnishee should be discharged upon due and timely motion. Ellis & Co. v. Mobile, J. & K. C. R. Co., 166 Ala. 187, 51 So. 860.

Furthermore, a debt duly scheduled in bankruptcy is barred and discharged by the adjudication, and discharge of the debtor, whether the creditor had notice or actual knowledge of the proceedings in bankruptcy or not. 8 Corpus Juris Secundum, Bankruptcy, § 577, page 1531; Travis v. Sams, 23 Ga.App. 713, 99 S.E. 239; Sandy Hook Bank's. Trustee v. Bear, 250 Ky. 177, 61 S.W.2d 1045; State v. National Bank of Cleburne, 116 Tex. 214, 219, 288 S.W. 435. But, of course, a debt not duly scheduled survives a discharge in bankruptcy, unless the creditor had timely notice or actual knowledge of the proceedings in bankruptcy. American Southern Trust Co. v. Vester, 183 Ark. 9, 34 S.W.2d 747; Short v. Farmer, 260 Mass. 102, 156 N.E. 735; Thompson v. Hill, 147 Miss. 489, 112 So. 697; Johnson v. Fountain, 200 N. C. 388, 157 S.E. 21.

The bankrupt may by timely application amend his schedule by bringing in an omitted creditor. This he may do as a matter of right. In re Ingrao, D.C.N.Y., 40 F.2d 946; In re Harrell, D.C.N.C., 222 F. 160; 7 Corpus Juris, p. 38 Note 35; Bramham v. Lanier Bros., 138 Tenn. 702, 200 S.W. 830; 8 Corpus Juris Secundum, Bankruptcy, page 463, § 40.

It seems also to be well settled that after a bankruptcy case has been referred to a referee for administration of the bankrupt estate, the referee is, to all intents and purposes, the court of bankruptcy, limited only by the provisions for review, and certain other matters which call for action by the judge, and that all papers may be filed with him, except such as call for action by the judge. General Order #21, Collier on Bankruptcy, 13th Ed., p. 1824; George Kreitlein v. Charles Ferger, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. page 1184. In order that an amendment, which is allowable as a matter of right, if timely applied for, may be made to any schedule filed by the bankrupt, it is not necessary that it should be filed with the clerk of the District Court and by him referred to the referee.

Such a paper did not call for action by the judge, and that being true, the amendment may be filed with the referee in the first instance. Collier on Bankruptcy, 13th Ed., p. 1824.

A pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer. Falley v. Falley, 163 Ala. 626, 50 So. 894; Phillips v. Beene's Adm'r, 38 Ala. 248.

The evidence in this case shows conclusively to our mind that the bankrupt discovered that she had failed to list Covington Brothers Motor Co., Inc., as a creditor; that she made timely application to the referee to be allowed to amend her schedules to show that said Covington Brothers Motor Co., Inc., was a creditor; that the referee not only gave permission for this amendment to be made, but actually prepared the amendment; that said amendment was duly signed and verified by the bankrupt, and delivered to the referee. Whether, thereafter, the referee gave notice of the amendment, listing said

Covington Brothers Motor Co., Inc., as a creditor is of no moment.

We, therefore, hold that the amendment of the schedule of the bankrupt to include Covington Brothers Motor Co., Inc., as creditor, was efficaciously made, and the failure of the referee to give notice of the same to said creditor, or his failure to make a due record thereof, or to include the same in his final report will not be allowed to defeat the appellee's right to set up her adjudication and discharge in bar of the present garnishment proceedings. The trial court was, therefore, justified, in this view of the case, to quash the garnishment proceedings.

Moreover, we are not at all satisfied from the evidence in this case that the judgment was ever, in fact, transferred or assigned to the said G. W. Covington, Jr. The testimony on this question is too vague, uncertain and indefinite to justify a holding that such transfer or assignment was ever in fact made.

The evidence contained in the record wholly fails to convince us that the trial court committed error in quashing the garnishment proceedings.

It follows, therefore, that the judgment of the court below is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.