177 So. 897

**HOME INS. CO. v. SHRINER et al.**

**ÆTNA INS. CO. v. SHRINER et al.**
1 Div. 923a, 925a.

Supreme Court of Alabama.
Dec. 2, 1937.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellants.

Beebe, Hall & Beebe, of Bay Minette, for appellees.

FOSTER, Justice.

This cause began by the filing of several bills in equity by insurance companies in connection with a fire insurance loss. The cases were consolidated [(Ala.Sup.) 177 So. 890[1]] and tried as one, including cross-bills resulting in a decree in favor of cross-respondents for certain amounts against the respective companies. The evidence was taken orally before a commissioner, not in the presence of the presiding judge. It came on for hearing on the pleading and proof on which the decree was rendered. The decree recites a submission on the pleading and testimony of witnesses as noted by the register.

The transcript as certified to us contains a note of the testimony offered by respondents, duly signed and marked filed by the register on or about the day of the submission. The transcript as certified shows no note of testimony by appellants. But it appears from this proceeding submitted along with the original cause, that appellants moved the circuit court, in equity, to adjudge and decree that appellants had made a proper note of testimony which should be included in the transcript, and that the court denied said motion, and appellants seek to review such denial by appeal or in the alternative by mandamus. The ruling is properly presented by the appeal. The petition here in question was finally determined by decree. The fact that it is supplementary does not affect the finality of the decree in so far as that proceeding is concerned. Smith v. Smith, 218 Ala. 701, 120 So. 167; Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Ex parte Allan, 220 Ala. 482, 125 So. 612; Bailes v. Bailes, 220 Ala. 178, 124 So. 215; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Bridges v. Bridges, 227 Ala. 144, 148 So. 816.

The trial court heard the evidence orally before it on the supplementary proceeding, and found the facts on said motion as follows:

"With respect to complainants' note of testimony it is made to appear from the hearing on said motion that same was carefully prepared by complainants' solicitors before the submission of the cause and oral argument had in the courtroom at Bay Minette, on December 28th, 1934. Mr. Mead testified that after the preparation of this note of testimony in the office of Hybart and Chason it was placed with the other papers in the file and taken to the courtroom at the courthouse; that he did not recall the actual filing of the paper. The testimony of Mr. Davies is somewhat in conflict with this, Mr. Davies' recollection being that he carried the note of testimony to the register in her office downstairs and asked her to file it. The general effect of the then register's testimony is opposed to this, Mr. Chason knows nothing of what was done with this paper when taken from his office, except that it eventually found its way into the file of papers in the cause, though it was never marked filed by the register.

"Complainants' note of testimony was not *signed* by the register or ever marked *filed* by this official.

"Respondents' note of testimony was *signed* by the register on the day of submission, and endorsed by her as *filed* on the same date.

"It is further made to appear that on the day of submission all the papers in the cause, including both notes of testimony, were gathered up and placed in the judge's car, and by him carried to his office at Monroeville, so that it was physically impossible for the register to record either of them on that date on the minute

book of the chancery court. It further appears that complainants' note of testimony was never recorded on the minutes, and that of respondents' was not recorded on the minutes until after decree was signed and the file returned to the register.

"It will be observed that complainants' solicitors do not contend that they requested the register to *sign* and *adopt as her official act the* note of testimony as prepared by them. The most that they claim—and that not positively—is that one of them requested the register to mark the paper filed, which was never done. * *

"It appearing without dispute that complainants' note of testimony was never presented to the register for official approval; was never signed by the register, or even marked filed by the register, it results that complainants had no legal note of testimony, and that the paper purporting to be complainants' note of testimony was properly omitted from the transcript on appeal."

It is necessary to review and determine this question first. If we reverse and render a judgment declaring that the instrument submitted was a legal note of testimony by appellants, we will consider it as such and as a part of the transcript on the main appeal.

■ The evidence having been taken orally before the trial judge, his finding of facts will be taken as conclusive if sufficiently supported by the evidence, but his application of these facts to the law will not be affected by such a presumption. We understand clearly from such finding that the instrument in form of complainants' note of testimony was prepared before the submission and was in the file at the argument and when the cause was under consideration. On that subject the judge made the following statement: "The court: At that point, I want to state for the benefit of the record that while the case was in my hands if either note of testimony was there I didn't know. I very seldom look at the notes of testimony, but in making up my decision in the matter I considered all the pleading and testimony delivered to me, and whether or not there was a note of testimony by either side I don't know. I think that's fair that I state that to you."

■ It will be observed that the ruling of the court hinged on the question of whether counsel in presenting the instrument to the register merely asked her to file it, rather than also to sign and adopt it as her official act, holding that the latter was necessary, besides a filing. We think the evidence could be fairly reconciled to show that she was requested to file it but without also a request that she sign and adopt it as the note of testimony. But it is our judgment that a request that she file it is for all practical purposes a notice that complainants have prepared a note of testimony, and that the instrument is that, and that it be treated and filed as such. Must it be signed to signify its authenticity? Must it be marked filed? Must it be entered on the minutes at the time when the decree is made by the court?

■ Those questions bring up a construction of rules 75 and 76, Chancery Practice. If they do not make such requirements, they are not essential. Rule 75 prescribes the procedure on submission of a suit in equity. It has persisted in its present form since 1854. 24 Ala. p. xv, rule 71; Johnston v. Johnston, 229 Ala. 592, 158 So. 528. The procedure was long since abandoned in practice, if it ever existed—certainly not in the memory of this writer. The duty is thereby imposed first on complainants' counsel to offer his testimony naming the witnesses and other evidence, as he does so, the register is required to make a note, which means a memorandum of it: respondents' counsel does likewise, which must also be noted: then complainants offer rebutting testimony, also noted.

Rule 76 requires that the register shall enter on the minutes a memorandum of such testimony, and a copy of it shall be *filed* with the papers for the use of the chancellor.

Those rules at one time may have served a useful purpose; even now there is use for a memorandum showing what evidence should be considered when the evidence is not taken orally as on a trial at law. But whether useful or not, the rules are mandatory and must be observed to the extent that their substance and essence are considered. We have never seen a trial in equity where counsel offered their evidence and the register made a note or memorandum of it as it was being done. But then or before counsel prepare a note or memorandum of their evidence, and in or about the submission have the register sign and file it and so endorse it. He may or not put it on the minutes

before the judge decrees. This is not mandatory. Turner v. Turner, 193 Ala. 424, 433, 69 So. 503; Carson v. Sleigh, 201 Ala. 373, 78 So. 229. There is no express provision that it shall be signed by the register though one of our cases by way of dictum declared it to be necessary. Beck v. Burchfield, 205 Ala. 486, 88 So. 417. The question of the signature of the register was not involved in that case.

We think that the rules should have practical application, and be construed according to modern methods of procedure and practice, though mandatory. We cannot condemn the practice so long observed by which counsel prepare their notes of testimony and present them to the register to be used as such note or memorandum required by the rules instead of counsel pursuing the exact method declared in rule 75. When such note is prepared and handed to the register under such circumstances as to indicate what it is, and what use is to be made of it, it is the ministerial duty of the register to make some indorsement or to sign it so as to insure its authenticity, but not that such action is necessary to make it effective. There is no mandate in the rules that it shall be signed or endorsed; but it is good practice to do so.

■ Usually the delivery to the clerk of an instrument of pleading or a written order of the judge, to be filed, is sufficient, though not actually marked filed. But good practice calls for such a marking to avoid controversy, Ex parte Phillips, 231 Ala. 364, 165 So. 80; Falley v. Falley, 163 Ala. 626, 50 So. 894; Mt. Vernon Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716; and it was held in the latter case that procedural orders are effective and provable without entry on the minutes; provided, of course, there exists sufficient documentary evidence to justify the court in ordering the entry on the minutes to be made nunc pro tunc.

■ It results that our judgment is that when counsel prepares a note of testimony and calls the attention of the register to it as being such, and leaves it with him to serve for that purpose, the register should, for identification, make some sort of endorsement or sign it, and enter it on the minutes; but that neither is necessary to the extent that if not done, it is ineffectual as a compliance with the rule, so as to visit upon counsel and their clients fatal responsibility for a mandatory omission.

It results that the judgment denying the motion of appellants is reversed and one is here rendered establishing the instrument referred to as the note of testimony for complainants, and it will be so treated on the main trial.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

