73 So.2d 100

**HENSON v. HENSON.**

6 Div. 735.

Supreme Court of Alabama.

May 20, 1954.

64

J. L. Stephenson, Parrish, for appellee.

LAWSON, Justice.

This is a suit for divorce filed in the County Court of Walker County in Equity, by Luddie May Henson against J. C. Henson.

The respondent has appealed to this court from a decree overruling his demurrer to the bill as amended.

Submission here was on the merits and on appellee's motion to dismiss the appeal.

The motion to dismiss the appeal is based primarily on the assertion that the appeal was not taken timely.

An appeal from a decree overruling or sustaining a demurrer to a bill in equity must be taken within thirty days from the rendition of the decree. Section 755, Title 7, Code of 1940; Key v. Dozier, 258 Ala. 560, 64 So.2d 69, and cases cited.

As we understand the record the decree was rendered on April 8, 1954. There is in the record a decree bearing that date marked filed by the "clerk" on the same day. However, the record also includes what is termed a "Minute Entry" which indicates that the trial court overruled the respondent's demurrer to the bill as amended on February 8, 1954. But this latter date must be considered as a clerical error, in view of the fact, that the record shows that the bill was not amended until April 8, 1954.

Section 766, Title 7, Code of 1940, provides in part as follows: "Any appeal taken under the provisions of this chapter from the rendition of the judgment or decree, shall be shown in the following manner: (b) By giving security for the costs

Tweedy & Beech, Jasper, for appellant.

of the appeal to be approved by the clerk or register, or court. * * *"

It is settled that the appeal is perfected when a good and sufficient security for costs is filed, though not approved until after the expiration of the time for taking an appeal. Bedwell v. Dean, 221 Ala. 224, 128 So. 389; Journequin v. Land, 235 Ala. 29, 177 So. 132; Maya Corporation v. Smith, 239 Ala. 470, 196 So. 125; Austin v. City of Anniston, 243 Ala. 214, 8 So.2d 410; Parker v. Bedwell, 243 Ala. 221, 8 So.2d 893.

The record in this case shows that bond for security for the costs of appeal was approved by the proper official on April 10, 1954, two days after the decree was rendered. The record does not expressly state that the said bond was filed. But we think that the record sufficiently shows that the said bond was filed on or before April 10, 1954, the day on which it was approved. In Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663, 666, it was said: "A pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer. Falley v. Falley, 163 Ala. 626, 50 So. 894; Phillips v. Beene's Adm'r, 38 Ala. 248." See Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897. The approval of the bond by the clerk of the County Court of Walker County, ex-officio Register of that Court, shows that it was delivered to him, the proper filing officer.

We hold that the appeal was taken within thirty days from the date on which the decree was rendered and that the motion to dismiss the appeal is not well taken, and must be denied.

It might be well to point out that this suit was filed in the County Court of Walker County by authority of Act 22, H. 148, approved February 8, 1939, Local Act 1939, page 8, which confers on such court jurisdiction in divorce and alimony controversies concurrent with the Circuit Court to be exercised and enforced in the same manner and procedure as in the Circuit Courts in equity, and that appeal may be taken likewise as provided in that court. Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Atkins v. Atkins, 253 Ala. 43, 42 So.2d 650.

The single question presented for decision on the merits is whether the allegations of the bill are sufficient, on the demurrer to support the charge of cruelty. The bill as amended alleges the following:

"That your complainant and respondent were lawfully married to each other in Jasper, Walker County, Alabama, on or about the 12th day of April, 1919, and that they lived together as husband and wife until on or about the 2nd day of October, 1953, when your complainant was forced to separate herself from the respondent for that from his unreasonable conduct there was, and still is, reasonable apprehension that he will commit actual violence on her person, attended with danger to her life or health."

Divorce on the ground of cruelty is authorized by Section 22, Title 34, Code of 1940, as amended by Act No. 487, approved Sept. 30, 1947. See Acts 1947, p. 336.

It can be seen that the bill follows substantially the language of the statute without specifying in any way the conduct of the respondent, which the complainant claims to constitute violence to her person.

The allegations of the bill as against apt demurrer are not sufficient. Marcum v. Marcum, Ala.Sup., 69 So.2d 670, and cases cited.

The decree of the trial court is reversed, and one will be here rendered sustaining the demurrer to the bill as amended.

The appellee is given thirty days after the certificate of the clerk of this court reaches the clerk of the County Court of Walker County, within which to plead further.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.