TAYLOR, Judge.
The appellant was arrested on July 9, 1986, and charged with being a juvenile delinquent, to wit: that on June 20, 1986, he committed the crime of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975). At the time of his arrest, the appellant was 16 years old. On July 10,1986, the Jefferson County District Attorney's Office (Bessemer Division) filed a motion to have the appellant certified to be tried as an adult in the circuit court. Said motion was served on the appellant’s attorney. A hearing was conducted pursuant to the transfer motion on December 5, 1986, after which the juvenile court entered an order of transfer directing that the appellant be tried as an adult. This appeal is from that transfer order.
I
The appellant claims that a new transfer hearing is mandated because in the December 5 transfer hearing, the court erred by violating Rule 24, Alabama Rules of Juvenile Procedure. That rule provides:
“The court shall open the hearing by ascertaining if all necessary parties are present and ready to proceed, and should so note on the record.
“The court shall then explain to the parties their rights during the proceedings, the substance of the petition and the specific allegations contained in said petition. The court shall also explain to the parties the nature of the proceedings and the alternatives available to the court should the allegations contained in the petition be admitted or proven.
“Following these procedures, the court may inquire of the child whether he admits or denies all or some of the allegations contained in the petition. Failure or refusal of the child to admit any allegation shall be deemed a denial of such allegation. If the admissions do not obviate the necessity for a hearing, the court shall then proceed to hear evidence, unless additional time is necessary to prepare for the hearing, and all testimony shall be under oath.
“The eliciting of testimony shall not be by any probation officer.”
Specifically, the appellant, through counsel, contends that the record shows a complete absence of the following mandatory explanations: the rights of the parties during the proceedings, the specific allegations contained in the petition, and the alternatives available to the court should the allegations in the petition be admitted or proven. He contends that the record also shows an omission to inquire of the appellant whether he admitted or denied the allegations against him. This last omission, however, is suggested, but not required, by Rule 24, A.R.J.P. Failure to comply with the provisions specified in Rule 24, A.R.J.P., requires reversal and a remand. Taylor v. State, 491 So.2d 1042, 1043 (Ala.Cr.App.1986); see also Ex parte Anonymous, 466 So.2d 81 (Ala.1984). We note that the present case is distinguishable from Shedd v. State, 505 So.2d 1306 (Ala.Cr.App.1987), in that in Shedd, the record began with a statement by defense counsel made in such a way as to indicate that the proceedings were already underway when these remarks were recorded; thus, the absence from the record of the trial court’s opening remarks left us with nothing to review. Appellant’s transfer order is therefore reversed and this case is remanded for a new transfer hearing to be held in compliance with the Alabama Rules of Juvenile Procedure.
The appellant raises two other issues that are not rendered moot by this decision. In the interest of judicial economy, we will address them now.
II
A copy of the motion to transfer the appellant to circuit court for criminal prose *821 cution was personally served on appellant’s attorney. The appellant now contends, because this motion was not also served on his parents, that the juvenile court lacked in personam jurisdiction over him, and, thus, that the proceedings were without legal effect.
Rule 1, A.R.J.P., provides that where an issue is not dealt with specifically in the juvenile rules or by statute, then the Rules of Civil Procedure apply. Ex parte Vaughn, 495 So.2d 83, 85 (Ala.1986). Since this issue is not specifically dealt with in the Rules of Juvenile Procedure, we must turn to our Rules of Civil Procedure.
Rule 5, A.R.Civ.P., addresses the service and filing of pleadings and other papers. Section (a) of this rule states that every pleading subsequent to the original complaint shall be served upon each of the parties. Section (b) provides for the method of service. It states, “Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.” See also Hayes v. Hayes, 472 So.2d 646, 649 (Ala.Civ.App.1985). The juvenile court did not order personal service upon the appellant; therefore, the transfer motion was correctly served upon appellant’s counsel, instead of his parents.
Appellant has cited to us as authority for his position cases from another jurisdiction. An examination of these cases, only persuasive authority here, reveals that they require only that a juvenile’s parents be notified of the date of the transfer hearing. The transfer motion was lawfully and correctly served upon appellant’s counsel as required by Rule 5(b), A.R.Civ.P.
Ill
Appellant also contends that the State’s motion to transfer him should have been dismissed because it was not filed in the clerk’s office. Specifically, the appellant maintains that the absence of any stamped mark on the motion indicating receipt by the clerk of the juvenile court makes the filing of the motion defective.
Generally, a pleading is deemed filed when it is delivered to, and received by, the proper officer for the purpose of filing. It is the duty of the officer receiving such a pleading to make the proper indorsement and entry; but this is merely evidence of the filing and is not essential to the validity thereof. 71 C.J.S. Pleading § 408 (1951). (Emphasis added.) In fact, the Alabama Court of Civil Appeals has held:
“It has long been held that in Alabama ‘[a] pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer.’ Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940). See also Henson v. Henson, 261 Ala. 63, 73 So.2d 100 (1954). Timely delivery is sufficient even when the clerk fails to mark the pleading or other paper ‘filed.’ Home Insurance Co. v. Shriner, 235 Ala. 65, 177 So. 897 (1937).”
Rubin v. Dept, of Industrial Relations, 469 So.2d 657, 658 (Ala.Civ.App.1985). Neither does Rule 5(e), A.R.Civ.P., require that documents filed with the clerk of the court be marked “filed.” We note, however, that “good practice calls for such marking in order to avoid controversy.” Home Insurance Co. v. Shriner, 235 Ala. 65, 68, 177 So. 897, 899 (1937). The motion to transfer was, therefore, correctly filed with the juvenile court, despite the absence of the markings.
Based on Part I of this opinion, we reverse and remand this case to the juvenile court for further proceedings not inconsistent herewith.
REVERSED AND REMANDED WITH INSTRUCTIONS.
TYSON and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion.
McMILLAN, J., joins in dissent.