RUSSELL, Judge.
This is an appeal from a trial court’s reversal of an Alabama Medicaid Agency (appellant) determination that Arnie A. Peoples (appellee) was ineligible to receive medicaid benefits for the month of July 1987. Concurrently filed was a motion to dismiss the appeal as untimely.
A final judgment awarding the appellee these benefits was entered on May 26, 1989, by the Circuit Court of Marion County. The appellant contends that it timely filed its notice of appeal with the circuit court by certified mail, as provided for by Rule 25(a), Alabama Rules of Appellate Procedure. The appellant provides as evidence a receipt, indicating that such mail was received by the post office on July 5, 1989, and proposes that date as the date on which its notice of appeal was filed.
Contrary to the appellant’s contentions, Rule 25, A.R.A.P., applies only to filings in an appellate court. Holmes v. Powell, 363 So.2d 760 (Ala.1978). As we have noted, the certified mailing of the appellant’s notice of appeal was to the circuit court, and not to an appellate court, and, thus, Rule 25 does not apply.
It is well settled that notice of appeal is jurisdictional and “shall be filed with the clerk of the trial court within 42 days” from the final judgment. Rule 4, A.R.A.P. Furthermore, a postmark on an envelope will not “be a substitute for filing with the clerk.” Holmes, 363 So.2d at 761.
We find that the notice of appeal was filed on July 10, 1989, beyond thefcforty-two day time provision. Therefore, we have no alternative and must apply the sanction for an untimely filing and to dismiss the appeal.
APPEAL DISMISSED.
INGRAM, P.J., and ROBERTSON, J., concur.