BOWEN, Judge.
This is an appeal from an adjudication of delinquency in three cases and commitment to the Department of Youth Services by the Juvenile Court of Talladega County. The appellant argues that in cases JU-90-10,183 and JU-90-10,223, the petitions were not filed by an intake officer and verified as required by Ala.Code 1975, §§ 12-15-50 and 12-15-52. He argues that there was no petition in case JU-90-10,224. Therefore, he contends that the Juvenile Court was without jurisdiction. Our review shows that there is a “petition” filed in each case. No petition is signed by an intake officer.
In JU-90-10,183, the “petition” is signed by Tony C. Coleman and “sworn to and subscribed before” Shirley Sawyer. The words “intake officer” are lined out and the word “witness” is written under Sawyer’s signature. This petition charged an assault against Coleman.
In JU-90-10,223, the “petition” is signed by Angelia A. Foster. It is “sworn to and subscribed before” Shirley Sawyer as “witness.” The word “intake officer” is lined out. The petition charges criminal mischief in the second degree.
In JU-90-10,224, the “petition” is signed by Angelia A. Foster. It is “sworn to and subscribed before” Shirley Sawyer as “witness.” The word “intake officer” is not lined out. The petition charges menacing.
Other documents in the record show that Shirley Sawyer is the clerk of the Juvenile Court of Talladega County.
At the hearing on the petitions, defense counsel declined the opportunity to argue the handwritten motion to dismiss he had filed in each case. Each motion was filed the day of the hearing and alleged that the petition (1) was void, (2) was voidable, (3) alleged insufficient facts to constitute delinquency (4) contained conclusory allegations, and (5) did not apprise the juvenile of the matters against which he must defend.
The trial court then read the petition in each case before the specific allegations of that petition were considered and heard. No objection other than the motion to dismiss was made. The judge’s order in each case refers to “the petition filed herein.” (Emphasis added.)
*1208 The question presented by this case is whether the formal petition in a delinquency case must be signed and filed by the intake officer.
Section 12-15-50, Ala.Code 1975, states: “Cases before the [juvenile] court shall be initiated by the filing of a petition by the intake officer who shall receive verified complaints and proceed thereon pursuant to the rules of procedure adopted by the supreme court.”
Section 12-15-52(a) provides that “[a] petition may be signed by any person who has knowledge of the facts alleged or is informed of them and believes that they are true.”
In Ex parte Johnson, 474 So.2d 715 (Ala.1985), reversing In re Abney, 474 So.2d 712 (Ala.Civ.App.1984), the Alabama Supreme Court made it clear that neither of these Code provisions was “jurisdictional.” While the statutes outline procedural norms for initiating juvenile court cases, they do not address the fundamental power of the juvenile court to hear and determine matters before it. Compare City of Dothan v. Holloway, 501 So.2d 1136 (Ala.1986), wherein the court observed:
“ ‘Jurisdiction in personal actions depends upon two elements: The subject-matter to be adjudged; the presence in court of the parties whose rights are to be affected by the judgment. In respect of subject-matter, the court acquires jurisdiction by the act of its creation; it is inherent in the constitution of the court. The other element it acquires by its own act, by its process properly issued and served, or by voluntary appearance of the defendant.’ ”
Holloway, 501 So.2d at 1137 (quoting Woolf v. McGaugh, 175 Ala. 299, 303, 57 So. 754, 755 (1911)).
In Johnson, a mother who had been awarded custody of her child in a divorce decree filed a petition with the juvenile court to have the child declared dependent. The mother sought to terminate the parental rights of the natural father, thereby allowing for adoption of the child by the stepfather. The Court of Civil Appeals acknowledged .that the mother could properly sign the petition by virtue of § 12-15-52(a), allowing “any interested party [to] sign a petition calling for the proceedings,” but concluded that the State was the proper party to file the petition. In re Abney, 474 So.2d at 714.
The Alabama Supreme Court reversed, concluding not only that “any interested party may sign a petition calling for the proceedings,” Ex parte Johnson, 474 So.2d at 717 (emphasis in original), but also holding that a parent may file such a petition. Although the specific holding of Ex parte Johnson with regard to who may file a petition is probably limited to dependency proceedings, the court’s observation about who may sign a petition also applies to delinquency proceedings because § 12-15-52 (the source of the “any interested party may sign a petition” language, upon which the court relied) covers all proceedings in the juvenile court.
Moreover, the Alabama Supreme Court made it clear in Ex parte Johnson that the question of who is the proper party to file a petition in juvenile court is not a jurisdictional one. The court observed:
“Section 12-15-30, Code of Alabama 1975, describes the jurisdiction of the juvenile court as follows:
“(a) The juvenile court shall exercise exclusive original jurisdiction of the following proceedings, which are governed by this chapter:
“(1) Proceedings in which a child is alleged to be delinquent, dependent or in need of supervision_”
[[Image here]]
“Code 1975, § 12-15-30. It is evident then, that the Juvenile Court of Jefferson County had jurisdiction to entertain Johnson’s petition to have her child declared dependent- The issue is whether Johnson was the proper party to file the petition.”
Ex parte Johnson, 474 So.2d at 717 (emphasis added).
We therefore conclude, based on § 12-15-52, that the petitions here were properly signed by the victim of the alleged delinquent act. They were properly veri *1209 fied because they were “sworn to under oath” by Shirley Sawyer, clerk of the juvenile court. See Tolbert v. State, 494 So.2d 180, 181 (Ala.Cr.App.1986).
We also hold, based on the reasoning of Ex parte Johnson, that even if the petitions were not filed by the intake officer of the juvenile court, they were only voidable by proper objection, and not void for lack of jurisdiction.
Rule 8, Ala.R.Juv.P., provides that “[t]he intake office shall have the power to administer oaths for the purpose of verifying complaints.” Except for the lining-out of the words “intake office” and the substitution of the word “witness” on two of the petitions, we would conclude that Ms. Sawyer’s position as clerk of the juvenile court and her administration of the oath to the complainants indicated that she was the “intake officer” for the juvenile court. However, the obliteration of the title “intake office” after her signature on two of the petitions causes us to doubt whether she was acting in that capacity as well as her capacity as clerk of the court. We need not resolve that question, however, since appellant did not bring to the trial court’s attention this particular defect which may have rendered the petitions voidable, and the trial court treated the petitions as properly “filed” without specific objection from the appellant.
The mere general allegation in appellant’s motion to dismiss that the petitions were “voidable” does not preserve for review the specific defect argued on appeal. A plea challenging the validity of a charging instrument is properly overruled where the grounds are vague and uncertain, are mere conclusions of the pleader, and fail to assert in what way the instrument is defective. See Wyatt v. State, 35 Ala.App. 147, 150, 46 So.2d 837, 839, cert. denied, 254 Ala. 74, 46 So.2d 847 (1950).
Thus, even if Ms. Sawyer were not the intake officer, her administration of the oath of verification to the complainants did not defeat the jurisdiction of the juvenile court to hear and determine the matters alleged'in the petition. Ex parte Johnson; Holloway.
We recognize that dicta in Shedd v. State, 505 So.2d 1306 (Ala.Cr.App.1987), indicates that “the juvenile court acquire[s] jurisdiction when the intake officer file[s] the petition,” 505 So.2d at 1307 (emphasis added). In this case, we simply do not know who “filed” the petitions; we know only that they were delivered to and received by the clerk of the court, who then administered the oath of verification to the complainants. “Generally, a pleading is deemed filed when it is delivered to, and received by, the proper officer for the purpose of filing.” J.M. v. State, 518 So.2d 819, 821 (Ala.Cr.App.1987). In any case, we believe the correct analysis of the jurisdiction of juvenile courts was set out in Ex parte Johnson, supra, and irregularities in filing do not defeat the juvenile court’s subject-matter jurisdiction.
In the absence of a specific objection by the appellant, pointing out a particular irregularity in the filing procedure which made the petitions voidable, the petitions were correctly considered “filed” by the trial judge.
The judgments of the juvenile court are affirmed.
AFFIRMED.
All Judges concur.