THOMPSON, Presiding Judge.
On December 1, 2006, D.T. petitioned the Dale Juvenile Court seeking visitation with his minor children, D.A.T. and M.H.T. (“the children”). It is undisputed that D.T. had been previously convicted of sexually abusing one or both of the children. On March 16, 2007, in actions involving each child, the juvenile court granted D.T.’s requests for visitation.
The State of Alabama subsequently intervened in the actions and moved to set aside the March 16, 2007, order pursuant to the Community Notification Act, §§ 15-20-20 to 15-20-38, Ala.Code 1975. See § 15-20-26(d), Ala.Code 1975 (“No adult criminal sex offender shall be permitted to ■willfully or knowingly come within 100 feet of any of his or her former victims, except as elsewhere provided by law, or make any visual or audible sexually suggestive or obscene gesture, sound, or communication at or to a former victim or a member of the victim’s immediate family.”).
On June 12, 2007, the juvenile court set aside its March 16, 2007, order. The juvenile court found that the visitation it had previously ordered was prohibited by § 15-20-26(d) and that no exceptions to that section applied. D.T. filed a post-judgment motion, which the juvenile court denied. D.T. then timely appealed to the Dale Circuit Court for a de novo review pursuant to Rule 28(B), Ala. R. Juv. P.
D.T. now argues that the circuit court should have transferred his appeal to this court pursuant to Rule 28(A)(1), Ala. R. Juv. P. That rule provides that an appeal from a final judgment of the juvenile court shall be made to the Court of Civil Appeals if the following requirements are satisfied:
“(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
“(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.”
At the time D.T. filed his notice of appeal from the juvenile court’s June 12, 2007, judgment, he did not seek an appeal to this court pursuant to Rule 28(A), Ala. R. Juv. P., and it is apparent from the record that the requirements of Rule 28(A)(1), Ala. R. Juv. P., were not satisfied. The juvenile court did not certify the record as adequate at that time, nor did it certify any *76 questions of law. The parties did not stipulate to the facts, nor did they stipulate that only questions of law were involved. Accordingly, D.T.’s argument is unavailing. The circuit court had jurisdiction to consider D.T.’s appeal pursuant to Rule 28(B), Ala. R. Juv. P. (“Appeals from final orders, judgments, or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo and the case shall be heard by a different circuit judge if heard by a circuit judge in the first instance in the juvenile court.”).
The circuit court consolidated the actions, styled respectively: “In the matter of [D.A.T.], CV-07-140” and “In the matter of [M.H.T.], CV-07-141,” and, on October 4, 2007, the State filed a motion to dismiss. The State argued that D.T. had failed to state a claim upon which relief could be granted because § 15-20-26(d) prohibited him from exercising visitation with the children. On February 8, 2008, the circuit court dismissed D.T.’s appeal. D.T. did not file a postjudgment motion. Eighteen days later, on February 26, 2008, D.T. filed a notice of appeal to this court.
“Although neither party addresses the issue whether this court has jurisdiction to consider this appeal, jurisdictional issues are of such importance that an appellate court may take notice of them at any time, ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App.1998). ‘The timely filing of a notice of appeal is a jurisdictional act.’ Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985); see also Rule 2(a)(1), Ala. R.App. P. [ (‘An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.’).]”
R.M. v. J.D.C., 925 So.2d 970, 972 (Ala.Civ. App.2005) (emphasis added).
Rule 28(C), Ala. R. Juv. P., provides: “Written notice of appeal shall be filed within 14 days of the date the judgment, order, or decree appealed from is filed in the clerk’s office, whether the appeal is to an appellate court or to the circuit court for trial de novo.” (Emphasis added.) Rule 1(B), Ala. R. Juv. P., provides, in relevant part: “Procedure shall be uniform in all courts, whether at circuit or district court level or in the circuit court by trial de novo.” See also H.E.H. v. K.L.C., 976 So.2d 458, 459 (Ala.Civ.App.2007) (the notice of appeal from the circuit court’s decision in an appeal from the juvenile court “was untimely because it was required to be filed within 14 days of the entry of the judgment even though the case was proceeding as an appeal for a trial de novo in the circuit court”); R.M., 925 So.2d at 972 (“An appeal from a juvenile matter must be filed within 14 days of the entry of the judgment from which the appeal is taken.”).
D.T. had until February 22, 2008, 14 days after the entry of the circuit court’s February 8, 2008, order dismissing his appeal, to file a notice of appeal to this court. However, the clerk of the Dale Circuit Court did not receive D.T.’s notice of appeal until February 26, 2008. D.T. states in his brief to this court that he sent the notice to the clerk’s office on February 21, 2008, via an overnight delivery service. D.T. states that his “counsel has not received a satisfactory explanation from [the delivery service] for the delay.” However, the placing of a notice of appeal with an overnight delivery service for transmittal is not sufficient to constitute a “filing” under Rule 28(C).
As this court has explained:
“Whereas, service of papers is complete upon mailing, filing is not complete until the notice is delivered to the proper filing officer. See Henson v. Henson, *77 261 Ala. 63, 73 So.2d 100 (1954); Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940); Rule 5(e), [Ala. R. Civ. P.].
“Put another way, the so-called ‘mailbox rule,’ as applied to contracts or service of papers, is not applicable in the context of a ‘filing’ requirement. A document has not been filed until it has actually been received by the court; mere mailing is not enough. See Blades v. U.S., 407 F.2d 1397 (9th Cir.1969); see also 16A Words and Phrases, ‘Filing.’ ”
Moutry v. State, 359 So.2d 388, 389-90 (Ala.Civ.App.1978). See also Alabama Medicaid Agency v. Peoples, 557 So.2d 1281 (Ala.Civ.App.1990) (holding that sending of notice of appeal via certified mail was insufficient to constitute filing under Rule 4, Ala. R.App. P.). Because D.T.’s notice of appeal was not received by the clerk of the Dale Circuit Court until after the time provided by Rule 28(C), Ala. R. Juv. P., had lapsed, D.T.’s notice of appeal was not filed within the time allowed by the Alabama Rules of Juvenile Procedure. Accordingly, D.T.’s appeal must be dismissed. Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.