THOMPSON, Presiding Judge.
D.A.L. and D.L. adopted W.T.R. (“the child”) in March 2001. The adoptive parents, who are also the child’s maternal grandparents, allowed W.C.R., the child’s biological father, to maintain a relationship and visit with the child until early 2006, when the biological father filed a complaint in the Marion Juvenile Court (“the juvenile court”) alleging that the child was dependent. The adoptive parents moved the juvenile court for a summary judgment, arguing that the biological father lacked standing to prosecute the dependency action. The juvenile court entered a summary judgment in favor of the adoptive parents, and the father appealed.
In W.C.R. v. D.A.L., 963 So.2d 99 (Ala.Civ.App.2007), this court held that the juvenile court had erred in entering its summary judgment, holding that a person may bring a dependency action so long as he or she has personal knowledge of the facts that he or she contends render the child dependent. In reaching its holding, this court explained that, “[although the biological father may not have had standing in another forum, the biological father’s petition invoked the dependency jurisdiction of the juvenile court. See Ala.Code 1975, § 12-15-30(a).” W.C.R. v. D.A.L., 963 So.2d at 101. Therefore, this court reversed the juvenile court’s judgment and remanded the case. 963 So.2d at 102.
On remand, the juvenile court, on April 19, 2007, entered a judgment in which it found that the child was not dependent. The biological father again appealed to this court. However, the juvenile court entered an order stating that the record from that court was not adequate. Therefore, this court transferred the appeal to the Marion Circuit Court (“the circuit court”) for a trial de novo. See Rule 28(D), Ala. R. Juv. P.[1]
The circuit comb assigned case number CV-07-135 to the action. After several continuances of what the circuit court repeatedly recognized was to be a “depen *422 dency hearing,” the circuit court scheduled the matter for a final hearing on August 5, 2008. However, on July 16, 2008, the biological father filed a “notice of dismissal without.prejudice” in which he expressed his desire to dismiss his pending dependency action. On July 18, 2008, the circuit court entered an order dismissing the biological father’s action without prejudice and ordering the biological father to pay the child’s guardian ad litem a fee of $3,500. On July 25, 2008, the father filed a postjudgment motion challenging that part of the July 18, 2008, order requiring him to pay the guardian ad litem’s fee. On July 30, 2008, the circuit court entered an order denying the father’s July 25, 2008, motion and noting that the “guardian ad litem claimed 14.5 hours of work.” The father filed a notice of appeal to this court on September 10, 2008.
Although the parties do not address the issue of jurisdiction in their briefs filed in this court, jurisdictional issues are of such significance that a court may take notice of them ex view motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). The timely filing of a notice of appeal is jurisdictional. Rudd v. Rudd, 467 So.2d 964, 965 (Ala.Civ.App.1985).
The biological father’s appeal of the juvenile court’s judgment denying his dependency petition was pending in the circuit court for a trial de novo. The Rules of Juvenile Procedure apply in an appeal to the circuit court of a juvenile court’s judgment. Rule 1(B), Ala. R. Juv. P., specifies that the “[pjrocedure shall be uniform in all juvenile courts, whether at the circuit or district court level or in the circuit court by trial de novo.” (Emphasis added.)
Under the Rules of Juvenile Procedure, the biological father was required to file his postjudgment motion within 14 days of the circuit court’s July 18, 2008, order, and that motion could remain pending only 14 days. Rule 1(B), Ala. R. Juv. P. The biological father’s notice of appeal was then required to be filed within 14 days of the denial of his postjudgment motion. Rule 28(C), Ala. R. Juv. P. (“Written notice of appeal shall be filed within 14 days of the date of the entry of order or judgment appealed from, whether the appeal is to an appellate court or to the circuit court for trial de novo.”).
The biological father’s July 25, 2008, postjudgment motion seeking reconsideration of the July 18, 2008, order was timely filed. The circuit court denied that motion on July 30, 2008, within the 14 days allowed by Rule 1(B). The biological father’s notice of appeal was filed on September 10, 2008, more than 14 days after the denial of the postjudgment motion. Accordingly, the biological father’s notice of appeal was untimely filed, and we must dismiss the appeal for want of jurisdiction. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”); see also H.E.H. v. K.L.C., 976 So.2d 458 (Ala.Civ.App.2007) (when the father appealed a circuit court’s judgment on a juvenile matter in excess of 14 days after the entry of that judgment, the appeal was dismissed as untimely); and R.M. v. J.D.C., 925 So.2d 970 (Ala.Civ.App.2005) (dismissing as untimely an appeal of a circuit court’s judgment entered after a trial de novo of a juvenile action when the notice of appeal was filed in excess of 14 days after the entry of the circuit court’s judgment).
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Rule 28, Ala. R. Juv. P., governing appeals from the juvenile court, provides, in pertinent part:
“(A) Direct Appeals to Appellate Courts.
"(1) Appeals from final orders, judgments, or decrees of the juvenile court shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
''(a) A record certified as adequate by the juvenile court judge or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto: or ....
"(B) Appeals to Circuit Court. Appeals from final orders, judgments, or decrees in all other cases, including those cases in which there is not an adequate record as provided in subsection (A) of this rule, shall be to the circuit court for trial de novo ....
[[Image here]]
"(D) Transfer of Appeal. An appellate court or circuit court may transfer an appeal that it determines should have been transferred to or brought in another court to that other court.”