PITTMAN, Judge.
This appeal from a judgment of the Jefferson Circuit Court arises out of efforts on the part of Jimmie L. Holifield (“the father”) to set aside a judgment of the Jefferson Family Court entered in favor of Shirley J. Lambert (“the mother”) on her child-support-arrearage claim against the father stemming from a 1971 judgment of paternity entered by a Wisconsin court specifying the father’s support obligations as to a child born of the parties in December 1968. According to Wisconsin authorities, the father’s combined indebtedness, including interest, to the mother and the State of Wisconsin as a function of his having failed to fully comply with the support provisions of that paternity judgment had swelled to over $105,000 as of November 2007.
The matter was referred to the Jefferson County Department of Human Resources (“DHR”), which, on relation of the mother, filed a complaint in the Jefferson Family Court seeking a money judgment against the father as to that arrearage. That case was docketed in that court as case number CS-08-806. We note that actions concerning child support generally, and in particular cases filed in the Jefferson Family Court and docketed with a case number having a “CS” prefix, are governed by the Alabama Rules of Juvenile Procedure. See generally H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009), and M.C. v. 868 So.2d 465, 467 (Ala.Civ.App.2003).
Although the father filed a motion to dismiss the mother’s family-court action, that court denied his motion and entered a judgment on June 16, 2009, against the father in the amount of $105,136.99. No appeal was taken from that judgment; however, in April 2010, after the mother had filed a petition seeking to hold the father in contempt and seeking to execute on the judgment, the father filed a motion in the family court seeking to have the judgment set aside as void under Rule 60(b)(4), Ala. R. Civ. P. That motion was denied on July 29, 2010. On August 10, 2010, within 14 days after the entry of the order denying the father’s motion pursuant to Rule 60(b), the father timely appealed from that order to the Jefferson Circuit Court for de novo review.[1] See Rules 28(B) and 28(C), Ala. R. Juv. P.
In the father’s appeal, which was assigned case number DR-10-1192, the father again sought a dismissal of the mother’s[2] claims against him and requested that the circuit court take judicial notice of orders entered in an earlier family-court *491 case involving the parties. The circuit court denied the father’s motions raising those issues. On November 14, 2011, the circuit court, after having held a hearing on the matter, entered a final judgment denying relief as to the father’s appeal and remanding the cause to the family court for the entry of any further necessary orders.[3] No postjudgment motions were filed in the circuit court following the entry of the November 14, 2011, judgment.
As we noted in H.E.H. v. K.L.C., 976 So.2d 458 (Ala.Civ.App.2007), Rule 1(B), Ala. R. Juv. P., mandates that procedures in juvenile actions, such as the child-support action initiated on the relation of the mother in the family court, “ ‘shall be uniform in all courts, whether at circuit or district court level or in the circuit court by trial de novo.’ ” 976 So.2d at 459 (emphasis added in H.E.H.). Thus, where, as here, no postjudgment motions have been timely filed in the pertinent circuit court, an appeal to this court from a judgment of a circuit court sitting as an appellate court with respect to a judgment of a juvenile, family, or domestic-relations court exercising original jurisdiction under the Rules of Juvenile Procedure must be filed within 14 days following the entry of the circuit court’s judgment. See Rule 28(C), Ala. R. Juv. P. Numerous recent precedents of this court confirm the applicability of that principle. See H.E.H., 976 So.2d at 459; accord J.F.M. v. C.W.B., 72 So.3d 663, 665-66 (Ala.Civ.App.2011); D.T. v. State, 1 So.3d 74, 76 (Ala.Civ.App.2008); Ryans v. State ex rel. Stoudmire, 963 So.2d 95, 96-97 (Ala.Civ.App.2007); B.R. v. F.H., 962 So.2d 882, 884 (Ala.Civ.App.2007); and R.M. v. J.D.C., 925 So.2d 970, 972 (Ala.Civ.App.2005); see also W.C.R. v. D.A.L., 18 So.3d 420, 422 (Ala.Civ.App.2009) (indicating that an analogous 14-day appeal period applies when a timely postjudgment motion in the circuit court tolls the time for taking an appeal).
Notwithstanding the foregoing authorities, the father waited until December 27, 2011, before filing his notice of appeal from the circuit court’s November 14, 2011, judgment denying his appeal from the family court’s denial of relief from the underlying judgment. That date was 29 days after November 28, 2011, the final day on which the father could have timely appealed from the circuit court’s judgment. Under Rule 2(a)(1), Ala. R.App. P., “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Therefore, we dismiss the father’s appeal from the circuit court’s November 14, 2011, judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. The family court’s denial of relief under Rule 60(b) was itself a final judgment that would independently support an appeal; such an appeal brings up for review only the matters pertinent to the ruling on the motion rather than the merits of the underlying judgment. See Food World v. Carey, 980 So.2d 404, 406 (Ala.Civ.App.2007), and Wilger v. Department of Pensions & Sec., 343 So.2d 529, 532 (Ala.Civ.App.1977). Further, we note that the family court did not certify the record as adequate for direct review by an appellate court pursuant to Rule 28(A), Ala. R. Juv. P.

. DHR moved to, and was permitted to, withdraw from its representation of the mother, who thereafter maintained her claims in her individual capacity rather than as a relator.

. We conclude that the circuit court’s judgment was final notwithstanding the verbiage regarding remandment to the family court for the possible entry of further orders because the circuit court, pursuant to the limited scope of review presented by the father’s appeal from the family court's order denying relief from the family court’s judgment, ‘‘disposed of all issues and controversies between the parties” and left “no matters ... pending” before the circuit court. Alabama State Pers. Bd. v. Miller, 66 So.3d 757, 761 (Ala.Civ.App.2010).