THOMPSON, Presiding Judge.
This is the second time these parties have been before this court. See Holifield v. Lambert, 112 So.3d 489 (Ala.Civ.App. *408 2012). In Holifield, we set out the procedural history of the underlying action:
“This appeal from a judgment of the Jefferson Circuit Court arises out of efforts on the part of Jimmie L. Holifield (‘the father’) to set aside a judgment of the Jefferson Family Court entered in favor of Shirley J. Lambert (‘the mother’) on her child-support-arrearage claim against the father stemming from a 1971 judgment of paternity entered by a Wisconsin court specifying the father’s support obligations as to a child born of the parties in December 1968. According to Wisconsin authorities, the father’s combined indebtedness, including interest, to the mother and the State of Wisconsin as a function of his having failed to fully comply with the support provisions of that paternity judgment had swelled to over $105,000 as of November 2007.
“The matter was referred to the Jefferson County Department of Human Resources (‘DHR’), which, on relation of the mother, filed a complaint in the Jefferson Family Court seeking a money judgment against the father as to that arrearage. That case was docketed in that court as case number CS-08-806. We note that actions concerning child support generally, and in particular cases filed in the Jefferson Family Court and docketed with a case number having a ‘CS’ prefix, are governed by the Alabama Rules of Juvenile Procedure. See generally H.J.T. v. State ex reí. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009), and M.C. v. L.J.H., 868 So.2d 465, 467 (Ala.Civ.App.2003).
“Although the father filed a motion to dismiss the mother’s family-court action, that court denied his motion and entered a judgment on June 16, 2009, against the father in the amount of $105,136.99. No appeal was taken from that judgment; however, in April 2010, after the mother had filed a petition seeking to hold the father in contempt and seeking to execute on the judgment, the father filed a motion in the family court seeking to have the judgment set aside as void under Rule 60(b)(4), Ala. R. Civ. P. That motion was denied on July 29, 2010. On August 10, 2010, within 14 days after the entry of the order denying the father’s motion pursuant to Rule 60(b), the father timely appealed from that order to the Jefferson Circuit Court for de novo review....
“In the father’s appeal, which was assigned case number DR-10-1192, the father again sought a dismissal of the mother’s claims against him and requested that the circuit court take judicial notice of orders entered in an earlier family-court case involving the parties. The circuit court denied the father’s motions raising those issues. On November 14, 2011, the circuit court, after having held a hearing on the matter, entered a final judgment denying relief as to the father’s appeal and remanding the cause to the family court for the entry of any further necessary orders. No postjudgment motions were filed in the circuit court following the entry of the November 14, 2011, judgment.”[1]
112 So.3d at 490-91 (footnotes omitted). In Holifield, the father filed a notice of appeal of the circuit court’s judgment well in excess of the 14-day period allowed by the Rules of Juvenile Procedure. Accordingly, this court dismissed the appeal as untimely. 112 So.3d at 491.
While the father’s appeal in Holi-field was pending, the mother, alleging that the father had failed to obtain a stay of the November 14, 2011, circuit-court *409 judgment, moved the Jefferson Family Court (“the family court”) to issue an order seizing certain assets of the father’s in satisfaction of the June 16, 2009, child-support-arrearage judgment entered in that court. On March 18, 2013, the mother filed a petition for a rule nisi, seeking to have the father held in contempt for his violation of a June 2012 order of the circuit court, which was entered while the father’s appeal of the denial of his Rule 60(b) motion in that court was pending; that June 2012 circuit-court order prohibited the father from disposing of certain financial assets. In her petition for a rule nisi, the mother requested the award of an attorney fee.
The father moved to dismiss the action in the family court, arguing that the “matter was resolved and satisfied in February 1988” and that, in a June 7, 1996, order, the family court had determined that it lacked jurisdiction over the parties.
The family court conducted an ore tenus hearing. The majority of the transcript of that hearing sets forth the arguments of the parties’ attorneys concerning the issues presented to the family court. The only witness to testify was the mother’s attorney, who testified in support of the mother’s claim seeking an award of an attorney fee.
On April 2, 2013, the family court entered a judgment in which it, among other things, denied the father’s motion to dismiss, found the father in civil contempt and ordered him to pay $10,000 to purge himself of that contempt, redetermined the current child-support-arrearage amount, and awarded the mother an attorney fee in the amount of $25,000. The father timely appealed.
On appeal, the father raises a legal argument pertaining to the contempt finding, and he challenges whether the evidence supports the award of the attorney fee to the mother. In her petition for a rule nisi filed in the family court, the mother specifically focused on the father’s purported violation of the June 2012 order of the circuit court. In Holifield, supra, this court noted that, as an action filed in the family court concerning the enforcement of an out-of-state paternity and child-support judgment, this action is governed by Alabama Rules of Juvenile Procedure. See also J.F. v. R.J., 59 So.3d 719, 721 n. 1 (Ala.Civ.App.2010) (“The case was docketed with a ‘CS’ case number, which indicates that the matter involves a juvenile-court child-support matter.”). Thus, we conclude that, in addressing this matter, the family court in this case acted in its capacity as a juvenile court. See Ex parte L.N.K., 64 So.3d 656, 657-58 (Ala.Civ.App. 2010) (“[T]he Jefferson Family Court acted as the juvenile court for the Tenth Judicial Circuit.”).
“Juvenile courts are purely creatures of statute and have extremely limited jurisdiction.” T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009). The statutes governing the jurisdiction of the juvenile courts provide that “the juvenile court may punish a person for contempt of court for disobeying an order of the juvenile court or for obstructing or interfering with the proceedings of the juvenile court or the enforcement of its orders.” § 12-15-110(a), Ala.Code 1975. Thus, the family court could properly find the father in contempt for violating one of its own orders, but it could not find the father in contempt for violating an order of the circuit court.
In its April 2, 2013, judgment, the family court found the father “in civil contempt,” but it did not specify the basis for that finding. Thus, this court is unable to determine whether the family court found that the father had violated the provisions *410 of the circuit-court order, which the family court lacked jurisdiction to do.
During the hearing in this matter, the mother’s attorney argued that the father had failed to make any payment toward the satisfaction of the 2009 arrearage judgment. The father made no objection to the assertion of that claim. Therefore, it is possible that the family court based its finding of contempt on the father’s failure to comply with earlier orders of that court establishing the amounts due rather than on the father’s violation of the circuit-court order. We recognize that this court may affirm a judgment that is correct for any reason. See Boykin v. Magnolia Bay, Inc., 570 So.2d 639, 642 (Ala.1990) (holding that, generally, a correct judgment may be affirmed for any reason). However, because the failure to specify the basis for the contempt finding might implicate the jurisdiction of the family court, this court declines, under the facts of this case, to affirm on that basis. Further, we note that the family court did not receive evidence but, rather, relied on the arguments and representations of the parties’ attorneys in reaching that part of its judgment pertaining to its contempt finding.
We reverse the family court’s judgment and remand the case to that court to determine whether it has jurisdiction to consider the mother’s contempt claim and, if so, to specify whether its contempt finding is based on a violation of an order of that court. We pretermit any analysis of the father’s arguments pertaining to the attorney-fee award. However, we note that the award of an attorney fee to the mother was based in part on her prevailing in the family court on the contempt claim. Accordingly, the family court may reconsider that award in connection with its determination of the contempt issue on remand.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. In this opinion, we use the same defined terms and designations we used in Holifield.